UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOHN LAURENCE BERMAN,

    Plaintiff,

    v.

RICHARD JORDAN, *Senior Judge*,
JEANNIE CHO, *Judge*,
CYNTHIA CALLAHAN, *Senior Judge*,
BARBARA H. MEIKLEJOHN,
*Previous Clerk*, and
KAREN BUSHELL, *Clerk*,
MICHAEL McAULIFFE, *Judge*,
E. GREGORY WELLS, *Chief Judge*, and
DOES 1-50,

    Defendants.

Civil Action No. TDC-22-2695

**MEMORANDUM ORDER**

Self-represented Plaintiff John Laurence Berman has filed this civil rights action pursuant to 42 U.S.C. § 1983, as well as a Motion to Proceed *in Forma Pauperis*. Based on the information provided, Berman appears to be indigent, so the Motion will be granted. *See* 28 U.S.C. § 1915(a)(1) (2018) (authorizing courts to allow indigent parties to proceed "without prepayment of fees"). For the following reasons, however, the Complaint will be dismissed.

**DISCUSSION**

Because Berman is proceeding *in forma pauperis*, the Court must screen the Complaint to determine if the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). A United States district court "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may

be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC,* 959 F.3d 605, 618 (4th Cir. 2020).

Berman, who is the beneficiary of a trust, is suing Judges Richard Jordan, Jeannie Cho, Cynthia Callahan, Michael McAuliffe, and E. Gregory Wells of the Circuit Court for Montgomery County, Maryland ("the Circuit Court") and Karen Bushell and Barbara Meiklejohn, the current and former Clerks of the Circuit Court, respectively, in their official capacities. He is also suing Judge McAuliffe in his personal capacity. The allegations arise out of a case before the Circuit Court involving a trust containing the assets of Berman's late mother in which the Circuit Court granted attorney's fees to a trustee, to be paid out of the trust, over Berman's objection ("the Circuit Court Case"). He contends that Judges Jordan, Cho, Callahan, McAuliffe, and Wells ("the Judge Defendants"), all of whom took at least one action in the course of the proceedings that led to that decision and the dismissal of his notice of appeal of that decision, violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

Specifically, Berman alleges that Judge Cho's issuance of an order, which restricted the length and format of his pleadings and warned him that any non-compliant filing would be stricken, violated his right to petition and his right to due process of law under the First and Fourteenth Amendments. Berman further alleges that during the pendency of the case, there was an unauthorized transfer of funds from the trust to the attorneys that was permitted by court staff without a court order and then retroactively approved by Judge Callahan without notice or a fair

evidentiary hearing, and that as a result Judge Callahan, as well as Meiklejohn and Bushell, violated his due process rights under the Fifth and Fourteenth Amendments.

As to Judge Jordan, Berman asserts he failed to provide Berman with notice of the format and substance of an evidentiary hearing on the awarding of attorney's fees and subsequently awarded such fees without authority under state law and in violation of Berman's due process rights. Lastly, he alleges that Judge McAuliffe and Judge Wells violated his due process rights when Judge McAuliffe struck his notice of appeal as untimely and when Judge Wells then administratively closed Berman's appeal.

As relief, Berman seeks an injunction requiring that the attorney's fees awarded by the Circuit Court to the trustee be returned, declaratory judgments that Defendants' actions violated his constitutional rights, and damages against Judge McAuliffe. He also seeks an injunction requiring that deputy clerks be required to report transfers from trust accounts made without a court order.

## I.    Judicial Immunity

As an initial matter, Berman's claim for damages against Judge McAuliffe is barred by judicial immunity. Absolute immunity extends to judges for conduct in their capacities as judges. See *Forrester v. White*, 484 U.S. 219, 226-27 (1988). Judges are not liable in civil actions for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); see *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). Where Judge McAuliffe's action in striking the notice of appeal was plainly a judicial act, the claim for damages will be dismissed as barred by judicial immunity.

3

## II.     *Rooker-Feldman* Doctrine

Upon review of the Amended Complaint, the Court will dismiss the remaining claims under the *Rooker-Feldman* doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine "precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." *Hulsey v. Cisa*, 947 F.3d 246, 250 (4th Cir. 2020) (citing *Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 319 (4th Cir. 2016)).

In *Thana v. Board of License Commissioners*, 827 F.3d 314 (4th Cir. 2016), the United States Court of Appeals for the Fourth Circuit held that the doctrine must be construed narrowly, is limited only to "an action filed in a district court specifically to review [a] state court judgment," and may not be used to dismiss "an independent claim" related to a prior state court judgment or judicial review of "state administrative and executive actions." *Id.* at 320. This case, however, falls squarely within the narrow limitations of the doctrine, as the Amended Complaint was filed after all of the state court decisions at issue, which are now final because Berman's appeal has now been dismissed and his petition for a writ of certiorari to the Maryland Supreme Court has been denied, and it plainly seeks judicial review of those decisions by a federal district court. All of Berman's claims seek a determination that the Judge Defendants erred in some aspect of the adjudication of the attorney's fee issue in the Circuit Court Case. Even the claims against Meiklejohn and Bushell, which are based on actions by court staff relating to that issue, allege errors that were effectively ratified by Judge Callahan when she approved the interim attorney's fee transfer. The primary relief sought—an injunction requiring the return of the attorney's fees

awarded to the trustee—effectively seeks a reversal of the Circuit Court's decision, and the other forms of declaratory or injunctive relief sought are all proposed as means to remedy the errors by the Judge Defendants in that case. Indeed, the posture of this case is similar to that present in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), on which the *Rooker-Feldman* doctrine was based, in which the plaintiff sued a District of Columbia court for refusing to provide his requested relief, the waiver of a bar admission rule, and sought as relief an injunction requiring that court to admit the plaintiff to the bar and thus effectively reverse its decision, as well as a declaratory judgment that the court had violated his constitutional rights. *Id.* at 468-69; *see also Hulsey*, 947 F.3d at 249 (discussing *Feldman*). This case is therefore only fairly construed as seeking an appeal of the Circuit Court Case to this Court, which is barred by the *Rooker-Feldman* doctrine.

In the Amended Complaint, Berman effectively acknowledges that his case amounts to an appeal of the Circuit Court's decisions and instead argues that the *Rooker-Feldman* doctrine does not apply because it is limited only to attempts to appeal decisions by a state's highest court to a federal district court. Under *Exxon Mobil*, however, the doctrine is not limited to decisions of a state's highest court. *Exxon Mobil Corp.*, 544 U.S. at 284 (defining the doctrine as applying to "cases brought by state-court losers complaining of injuries caused by state-court judgments," without reference to any limitation to state supreme court decisions). Although Berman points to a single reference in *Thana* in which the Fourth Circuit stated that the case before it did not involve a "final judgment from 'the highest court of a State in which a decision could be had,'" *Thana*, 827 F.3d at 321 (quoting 28 U.S.C. § 1257(a)), that single reference, which was unrelated to the holding in that case, cannot fairly be construed as narrowing the doctrine in direct contradiction of *Exxon Mobil*, a decision of the United States Supreme Court. Notably, the Fourth Circuit did not

include such language in its more recent case relating to the *Rooker-Feldman* doctrine. *See Hulsey*, 947 F.3d at 250. In any event, at this point, the Maryland Supreme Court has denied a petition for a writ of certiorari in the Circuit Court Case. The Court therefore finds that the *Rooker-Feldman* doctrine bars Berman's claims in this case.

### III.   Other Defects

Even if Berman's claims seeking injunctive and declaratory relief were not barred by the *Rooker-Feldman* doctrine, preclusion principles also bar his claims in this Court. To the extent that a ruling in the federal action cannot occur without effectively finding that the state court had erred, "any tensions between the two proceedings should be managed through the doctrines of preclusion, comity, and abstention." *Thana*, 827 F.3d at 320 (citing *Exxon Mobil Corp.*, 544 U.S. at 293); *see Hulsey*, 947 F.3d at 251 (noting that "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, . . . state law determines whether the defendant prevails under principles of preclusion").

The doctrine of *res judicata*, sometimes referred to as claim preclusion, provides that "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit." *Prince George's Cnty. v. Brent*, 995 A.2d 672, 677 (Md. 2010) (quoting *MFC, Inc. v. Kenny*, 367 A.2d 486, 488-89 (Md. 1977)). Collateral estoppel, also known as issue preclusion, is a subset of *res judicata*. *In Re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). Under Maryland law, collateral estoppel applies where (1) the issue decided in the prior adjudication is identical with the one presented in the action in question; (2) there was a final judgment on the

merits; (3) the party against whom preclusion is asserted was a party or in privity with a party to the prior adjudication; and, (4) the party against whom preclusion is asserted was given a fair opportunity to be heard on the issue. *Bank of New York Mellon v. Georg*, 175 A.3d 720, 750 (Md. 2017).

Here, Berman primarily seeks an injunction requiring the Circuit Court to order the return of the attorney's fees paid out of the trust for the award of attorney's fees. This issue, as well as all of underlying actions leading to that decision and the resolution of his efforts to appeal that decision, are identical to the issues he litigated in the Circuit Court Case, in which Berman was a party and directly challenged the award of attorney's fees to be paid out of the trust. He therefore had a full and fair opportunity to be heard on those issues. The Circuit Court Case was resolved on the merits, Berman's appeal of the decisions in the Circuit Court Case to the Maryland Appellate Court was dismissed, and his petition for a writ of certiorari to the Maryland Supreme Court was denied, so there is no question that there has been a final judgment on the merits. *See* Maryland Judiciary Case Search, *Modell v. Berman*, No. 448187V (Montgomery Cnty. Cir. Ct.), *available at* https://casesearch.courts.state.md.us (last visited Apr. 25, 2024). Accordingly, Berman's claims are barred by collateral estoppel.

Lastly, as to Berman's claims for declaratory judgments, where Berman is plainly seeking review of judicial actions that should properly be reviewed only through the standard state appellate process, the Court declines to address those arguments in its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (holding that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites").

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The Motion to Proceed *in Forma Pauperis*, ECF No. 2, is GRANTED.

2. The Complaint is DISMISSED.

3. The Clerk shall provide a copy of this Memorandum Order to Berman.

4. The Clerk shall close this case.

Date: April 25, 2024

THEODORE D. CHUANG
United States District Judge